## WILLIAM M. HELM *vs.* JOHN PHILBRICK.

H. filed his bill in the chancery court against P., in which he alleges that he recovered a judgment at the April term, 1838, of the circuit court of Wilkinson county against the said P., for the sum of $4,083, and sundry executions have been issued on said judgment; the last of which was returned *nulla bona,* and that the judgment still remains unsatisfied. It further alleges that P. is the administrator of the estate of one C. O. P., and as such administrator, he has made a settlement of his accounts with the probate court, by which it appears that the estate is indebted to the said P. in about the sum of $17,000 ; and in his answer P. admits that the said estate upon final settlement will be indebted to him. *Held,* that this must be regarded as a proceeding to compel P. to appropriate money which he has received or may receive from a particular source, to the payment of the judgment against him, and the bill was properly dismissed.

H.'s judgment is no claim against the estate of which P. is administrator, and the court had no right to pronounce a decree that the judgment should be satisfied out of the goods and chattels of the estate in P.'s hands to be administered.

IN error from the superior court of chancery; Hon. R. H. Buckner, chancellor.

The facts of the case are contained in the opinion of the court.

*Potter*, for appellant,

Contended that the decree dismissing the bill was erroneous, and cited *Farvels* v. *Graves*, 4 S. & M. 707.

No counsel for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from a final decree of the superior court of chancery dismissing the complainant's bill. The bill alleges that the complainant recovered a judgment at the April term, 1838, of the circuit court of Wilkinson county, against the defendant for the sum of $4,083; that sundry executions issued upon said judgment, the last of which was returned *nulla*

Helm *v.* Philbrick.

*bona;* that the judgment still continues in full force and unsatisfied.

The bill further alleges that the defendant is the administrator of the estate of one Catharine O. Philbrick, deceased; that as such administrator he has made certain settlements of his accounts with the probate court, by which it appears that the estate is indebted to the defendant in about the sum of $17,000. The answer admits that the estate will, upon final settlement, be indebted to the defendant in this sum. The object of the bill is to subject the money thus received or due to the defendant, to the payment of the complainant's judgment.

In any light in which we can view the question, it cannot be regarded otherwise than as a proceeding to compel the defendant to appropriate money which he has either received or may receive from a particular source, to the payment of the judgment against him. The money due to the defendant could not be treated otherwise, so far as this case is concerned, than money actually retained by him in payment of his debt against the estate. Suppose, then, that the fact be admitted, that the defendant has received from the estate the sum of $17,000; that he has the money in his possession, and refuses to apply any part of it to the payment of the judgment against him, could this bill be maintained, and a decree entered compelling him to make the payment? Most clearly not, for the obvious reason, that the law has declared under what circumstances a man may be imprisoned for debt, and what facts must be ascertained by the verdict of a jury, before a writ for this purpose shall issue. The question is not what the law ought to be in such case, but what the legislature has declared it to be. The judgment is not a claim against the estate, and the court has therefore no right to pronounce a decree that the judgment shall be satisfied out of the goods and chattels of the estate in the defendant's hands to be administered, for the plain reason that his accounts upon final settlement may be disallowed, and he adjudged to have no valid claim against the estate.

Decree affirmed.